IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY MCCALLAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-604-WKW |
| | ) | CASE NO. 2:18-CV-608-WKW |
| | ) | (WO) |
| CARLY B. WILKINS, | ) | |
| as Trustee for Debtors Allegro Law, | ) | |
| LLC and Allegro Financial Services, | ) | |
| LLC, | ) | |
| | ) | |
| Appellee. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are two cases, 2:18-CV-604, and 2:18-CV-608, both concerning Defendant/Appellant Timothy McCallan, and Plaintiff/Appellee Carly B. Wilkins. They were filed by McCallan on June 25, 2018, were consolidated on September 4, 2018, and were heard for oral argument on September 6, 2018.

### I.   BACKGROUND

**A.   2:18-CV-604**

2:18-CV-604 is a motion for leave to appeal the bankruptcy court's 35-page Memorandum Decision dated May 23, 2018. In that decision, the bankruptcy judge meticulously spells out the history of McCallan's games and deceit before concluding:

> For all of the length, breadth, and weight of these proceedings, the bottom line remains simple. McCallan owes more than $100,000,000. The evidence shows and the Court finds that McCallan has secreted millions of dollars' worth of money and property in locations presently unknown to the Trustee. Until he discloses all of his property and turns over all of his ill-gotten gains, he remains in contempt.

(Doc. # 1-1 at 44–45.)

Now pending are: (1) Appellant McCallan's motion (Doc. # 1-1) for leave to file an interlocutory appeal; (2) Appellee Carly B. Wilkins's motion (Doc. # 2) to dismiss for lack of jurisdiction; and (3) Appellee's motion (Doc. # 10) to strike McCallan's brief on the grounds that this court lacks jurisdiction over McCallan's appeal. Moreover, the court must decide whether this action is frivolous and/or interposed for delay and, if so, whether McCallan and/or his attorneys should be subject to sanctions (including costs and the opposing party's attorneys' fees) for filing a frivolous appeal and/or for filing this appeal for the purpose of delay.

### B.   2:18-CV-608

2:18-CV-608 contains a notice of appeal of the bankruptcy judge's 3-page order dated May 29, 2018. (Doc. # 1-1.) The 3-page May 29th order incorporates the 35-page May 23rd order, adds that McCallan remains in contempt, urges the parties to meet and work matters out, and expresses the bankruptcy court's desire for closure on this case that has been ongoing since 2010.

Now pending are: (1) McCallan's notice of appeal (Doc. # 1-1); (2) Appellee's motion to dismiss (Doc. # 2) for lack of jurisdiction; and (3) Appellee's motion (Doc.

# 12) to strike McCallan's brief on the grounds that this court lacks jurisdiction over McCallan's appeal. Additionally, as with 2:18-CV-604, this court must address whether McCallan and/or his attorneys should be subject to sanctions. (Docs. # 5, 16.)

## II. PROCEDURAL HISTORY

McCallan has been here before, and this court has previously described his shenanigans at length.[1] In a nutshell, on October 6, 2016, the bankruptcy court held McCallan in civil contempt of court for willful failure to comply with its previous order to account for the whereabouts of the more than $100,000,000.00 he stole from 30,000 victims. On October 23, 2017, the bankruptcy court ordered McCallan jailed for contempt after finding that McCallan's claims that he had complied with the court's orders were false. In ongoing efforts to purge himself of contempt, McCallan has repeatedly lied to the bankruptcy court, and more than one attorney has been suspended or disbarred from more than one state for their role in his fraud.[2]

On June 25, 2018, McCallan filed in this court a motion for leave to appeal from the bankruptcy court's May 23, 2018 Order (2:18-CV-608), and a notice of appeal from its May 29, 2018 Order (2:18-CV-604).

---

[1] *See McCallan v. Wilkins for Debtors Allegro Law, LLC & Allegro Fin. Serv., LLC*, No. 18cv117, 2018 U.S. Dist. LEXIS 44234 (M.D. Ala., Mar. 19, 2018).

[2] *See, e.g.,* 2:18-CV-608, Doc. # 1-2 at 2.

3

## III. ANALYSIS

**A. <u>Timeliness of Appeal</u>**

As our sister court noted decades ago, "a threshold issue relevant to any bankruptcy appeal [is] whether the notice of appeal was timely filed. This is a significant issue because the courts have uniformly held that if the notice of appeal was not timely filed, the district court does not have jurisdiction to hear the appeal." *Hemmerle v. Bakst (In re Sun-Island Realty)*, 177 B.R. 391, 394–95 (S.D. Fla. 1994).[3] Under Federal Rule of Bankruptcy Procedure 8002(a)(1), a "notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." The 14 days to file a notice of appeal under Rule 8002(a)(1) is jurisdictional. *Gowdy v. Mitchell (In re Ocean Warrior, Inc.)*, 835 F.3d 1310, 1318 (11th Cir. 2016) (citing *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000)); *see also Advanced Estimating Sys. Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) ("The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal.").

Neither McCallan's motion for leave to appeal the bankruptcy court's May 23 order (2:18-CV-604) nor his notice of appeal of the bankruptcy court's May 29 order

---

[3] *In re Sun* relied on *In re Topco, Inc.*, 894 F.2d 727 (5th Cir. 1990), and *In re Abdallah*, 778 F.2d 75 (1st Cir. 1985).

(2:18-CV-608) was filed within the required 14-day period. In fact, these June 25, 2018 filings were late by about double the 14-day time limit. This time limit is jurisdictional and dispositive in both cases.

**B.     Excusable Neglect**

McCallan admits that his appeals were filed late, but he pleads "the safe-harbor of 'excusable neglect' in Rule 8002(d)(1) and 9006(b)(1)." (2:18-CV-604 Doc. # 6 at 5, and 2:18-CV-608 Doc. # 8 at 6.) In support of this argument, McCallan states that his counsel "contemplated their time to file the appeal through the Federal Rules of Civil Procedure as opposed to the Federal Rules of Bankruptcy Procedure." (2:18-CV-604, Doc. # 6 at 11, and 2:18-CV-608, Doc. # 8 at 14.)[4]

The Supreme Court provided guidance on the boundaries of excusable neglect as it relates to Bankruptcy Rule 9006(b) by weighing four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

Evaluating the relative weight of the *Pioneer* factors, several federal courts of

---

[4]As Appellee points out, McCallan was required to file a motion for an extension of time within 21 days with the bankruptcy court, not the district court. Fed. R. Bank. P. 8002(d)(1). (2:18-CV-608, Doc. # 11 at 4.) Considering McCallan's claim that his attorneys were "fully unaware of their neglect" until after they had filed with this court (2:18-CV-608, Doc. # 8 at 16), this court will not consider whether McCallan's failure to file for an extension with the bankruptcy court is in itself fatal to his appeals.

appeals cautiously began to rally around the idea that the "reason for delay" factor essentially trumps the other three. *See City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) ("fault in the delay remains a very important factor — perhaps the most important single factor — in determining whether neglect is excusable."); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) ("[T]he four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import."); *Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (same). In *Torres*, the Tenth Circuit ruled that, even though the "reason for delay" factor was the only one of the four factors weighing against finding excusable neglect, the district court abused its discretion in finding excusable neglect. *United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004).

But as Justice O'Connor prophetically wrote for the dissent in *Pioneer*,[5] its balancing test "unduly complicates the task of courts called upon to apply it." *Pioneer,* 507 U.S. at 399. The Eleventh Circuit has historically struggled with "some pain to define 'excusable neglect' in different fact situations." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 (11th Cir. 1996). Unlike the First, Eighth, and Tenth Circuits' emphasis on the "reason for delay" factor, the Eleventh Circuit's

---

[5] The lengthy *Pioneer* dissent is joined by Justices Scalia, Souter, and Thomas.

initial interpretation of the relative weight of the *Pioneer* factors has been that "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Id.* at 850. However, twenty-two years after *Cheney*, the Eleventh Circuit seems to be narrowing the gap with its sister courts of appeals on the importance of the reason for delay factor.

In *Rosenberg v. DVI Receivables XIV, LLC (In re Rosenberg)*, the district court mentioned the four *Pioneer* factors, but only explicitly evaluated the reason for the delay factor,[6] yet the Eleventh Circuit "disagree[d] with the Appellants' argument that the district court erred when it failed to explicitly examine each of the *Pioneer* factors." 724 F. App'x 882, 884 (11th Cir. 2018).[7] Furthermore, the reason for delay in *Rosenberg* is very similar to the reason McCallan advances in these appeals. In *Rosenberg*:

> Appellants made a legal error when they determined that the filing deadline for their Rule 50b motion[8] was governed by the Federal Rules of Civil Procedure and not the Bankruptcy Rules. Under *Riney*, that

---

[6] The district court's analysis is available at: *Rosenberg v. DVI Receivables*, *XIV, LLC*, No. 12cv22275, 2017 U.S. Dist. LEXIS 68984 (S.D. Fla. May 5, 2017).

[7] Although *Rosenberg* is not published or binding, it was released this March, and is persuasive.

[8] During the September 6, 2018 hearing, Appellant claimed that an untimely filed Rule 50(b) motion is significantly different than an untimely filed appeal in an excusable neglect context. This argument is not persuasive. *See, e.g., Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997), which specifically dealt with excusable neglect in relation to "failure to file a timely notice of appeal."

7

> error is insufficient to demonstrate excusable neglect. We disagree with the Appellants' argument that the district court erred when it failed to explicitly examine each of the *Pioneer* factors. In *Riney*, we held that "as a matter of law . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect," and we explicitly noted that *Pioneer* did not counsel against that rule. *Id.*

*Id.* (citing *Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)). McCallan's claim that his attorneys "contemplated their time to file the appeal through the Federal Rules of Civil Procedure as opposed to the Federal Rules of Bankruptcy Procedure" (2:18-CV-608 Doc. # 8 at 14), does not rise to excusable neglect. True, this court is bound by the *Pioneer* factors. But the fact that "the four-part *Pioneer* standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe that the Court intended a practice that would require courts to be that lenient about disobedience to plain law." *Riney*, 130 F.3d at 998. Here, McCallan's attorneys did not only ignore or mistakenly construe the plain language of a rule. These same attorneys represented McCallan earlier this year on a previous appeal before this court (18-cv-117), and upon dismissing that appeal, this court explicitly spelled out the 14-day time limit to file appeals from bankruptcy court orders.[9]

---

[9] *McCallan v. Wilkins*, No. 18cv117, 2018 U.S. Dist. LEXIS 44234, *22 (M.D. Ala. March 19, 2018) (dismissing an earlier appeal by McCallan and stating that, "[w]ith some exceptions not

8

Therefore, the "reason for delay" factor strongly weighs against a finding of "excusable" neglect.

It is acknowledged that whether neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395. This court has also considered the additional three *Pioneer* factors. There is risk of prejudice to the Appellee, as well as an adverse impact on the proceedings, because an appeal to this court would materially disrupt the bankruptcy court's ongoing efforts to secure compliance, waste judicial resources, and cause judicial inefficiency and unnecessary piecemeal litigation. While this court does not find that McCallan's attorneys acted in bad faith in these particular filings, the court is not inspired by the overwhelming evidence of blatant disrespect and deceit by McCallan and some of his attorneys in their ongoing interactions with the bankruptcy court. In sum, three of the four *Pioneer* factors weigh against a finding of excusable neglect in this case. The 14-day time limit is jurisdictional and dispositive, and McCallan's failure to abide by this time limit is not excusable neglect.

McCallan holds the keys to his jail cell. "Until he discloses all of his property

---

applicable in this case, appeals from final bankruptcy court orders and motions for leave to appeal interlocutory bankruptcy court orders must be filed 'within 14 days after entry of the judgment, order, or decree being appealed.' Fed. R. Bankr. P. 8002(a)(1); Fed. R. Bankr. P. 8003(a)(1); Fed. R. Bankr. P. 8004(a)(1).").

and turns over all of his ill-gotten gains, he remains in contempt." (Doc. # 1-1 at 45.) The court system is not a game. McCallan's latest attempt to circumvent the bankruptcy court's rulings confirms not only his duplicitousness and lack of candor with courts generally but also the appropriateness of his current address.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Appellant Timothy McCallan's 2:18-CV-604 motion (Doc. # 1-1) for leave to file an interlocutory appeal, is DENIED.

2. Appellee Carly B. Wilkins's motions (Docs. # 2 of both 2:18-CV-604, and 2:18-CV-608) to dismiss for lack of jurisdiction are GRANTED.

3. Appellee's motions (Docs. # 10 of 2:18-CV-604, and # 12 of 2:18-CV-608) to strike McCallan's brief in support of his appeals are DENIED as moot.

4. While the court will, at this time, give McCallan and his attorneys the benefit of the doubt regarding the frivolousness of these actions, McCallan and his attorneys are urged to think carefully about the merits of their filings with this court going forward.

5. The appeals in 2:18-CV-604 and 2:18-CV-608 are DISMISSED.

Final judgment will be entered separately.

DONE this 17th day of September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE